# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORENZO WHITAKER,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **LAWRENCE J. BOZZELLI,** | : | **NO. 18-1339** |
| Defendant. | : | |

## MEMORANDUM

**GOLDBERG, J.**                                                                                                     **APRIL 3, 2018**

Plaintiff Lorenzo Whitaker brings this action pursuant to 42 U.S.C. § 1983 against Lawrence J. Bozzelli, an attorney who represented him on appeal in his criminal proceeding in state court. Mr. Whitaker seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Whitaker leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS

Public dockets reflect that Mr. Whitaker was convicted of several counts of burglary and other charges in various proceedings in the Philadelphia Court of Common Pleas. *See Commonwealth v. Whitaker*, Docket Nos. CP-51-CR-0006993-2014, CP-51-CR-0006995-2014, CP-51-CR-0006996-2014, CP-51-CR-0006998, and CP-51-CR-0007000-2014. Attorney Bozzelli was appointed to represent Mr. Whitaker in his criminal appeal after his first counsel withdrew. *Commonwealth v. Whitaker*, 2720 EDA 2015 (Pa. Super. Ct.). On January 6, 2017, Mr. Whitaker's appeal was dismissed due to Mr. Bozzelli's failure to file a brief on his behalf. *Id.*

On the same day the dismissal order was entered, Mr. Bozzelli filed a motion for reconsideration asking the Pennsylvania Superior Court to reinstate the appeal. The court granted the motion and provided time to file a brief. Ultimately, however, the Pennsylvania Superior Court affirmed Mr. Whitaker's judgment of sentence on August 15, 2017. The Pennsylvania Superior Court's opinion, which is attached to the Complaint in the instant case, reflects that the Pennsylvania Superior Court addressed Mr. Whitaker's claims despite counsel's failure to include a copy of his concise statement of errors complained of on appeal in the appellate brief. However, the court concluded that the issues raised by Attorney Bozzelli on Mr. Whitaker's behalf were waived due to Attorney Bozzelli's failure to cite relevant case law or develop his arguments.

In the instant civil action, Mr. Whitaker alleges that Attorney Bozzelli was ineffective because he failed "to include a copy of [Mr. Whitaker's] concise statement of errors complained of on appeal[,] . . . cite[d] case law that was totally irrelevant to [Mr. Whitaker's] claims, failed to include pertinent discussion regarding [Mr. Whitaker's] constitutional and ineffective assistance claims, and failed to adequately review the record for relevant errors." (Compl. at 3.) Mr. Whitaker also alleges that Attorney Bozzelli failed to inform him of the appellate court's final decision. Mr. Whitaker seeks monetary compensation based on Attorney Bozzelli's mishandling of his appeal.

## II.    STANDARD OF REVIEW

The Court grants Mr. Whitaker leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To

---

[1] As Mr. Whitaker is a prisoner, he is still obligated to pay the $350 filing fee in installments in accordance with the Prisoner Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Mr. Whitaker is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Whitaker cannot state a constitutional claim against Mr. Bozzelli because Mr. Bozzelli is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, although it is understandable why Mr. Whitaker is dissatisfied with counsel's performance, the Court must dismiss the Complaint for failure to state a claim.[2]

---

[2] Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). In light of that principle, even if Attorney Bozzelli were a state actor, Mr. Whitaker could not proceed on his claims at this time because his convictions and sentence have not been reversed, expunged, or otherwise invalidated.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Whitaker's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As Mr. Whitaker cannot cure the defects in his claims, amendment would be futile. An appropriate order follows.